Hartford Fire Ins. Co. v Hudson Excess Ins. Co. (2025 NY Slip Op 03249)

Hartford Fire Ins. Co. v Hudson Excess Ins. Co.

2025 NY Slip Op 03249

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Kern, J.P., Kennedy, Kapnick, Gesmer, Shulman, JJ. 

Index No. 655425/20|Appeal No. 4478|Case No. 2024-01847|

[*1]Hartford Fire Insurance Company et al., Plaintiffs-Respondents,
v
Hudson Excess Insurance Company, Defendant-Appellant, 177 TS Group, Inc., et al., Defendants.

Melito & Adolfsen P.C., New York (Steven I. Lewbel of counsel), for appellant.
Lazare Potter Giacovas & Moyle LLP, New York (Yale Glazer of counsel), for respondents.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered February 20, 2024, which, to the extent appealed from, granted plaintiffs' motion for summary judgment declaring that defendant Hudson Excess Insurance Company is required to defend plaintiff Mayer Malbin Realty I, LLC in an underlying personal injury action, and denied Hudson's motion for a declaration that it had no duty to defend, indemnify, or provide coverage to Mayer, unanimously reversed, on the law, with costs, plaintiffs' motion denied, the declaration vacated, Hudson's motion granted, and it is so declared.
This declaratory judgment action concerns coverage for an underlying action brought by a worker, You Tien Chen, who alleges that he sustained injuries on September 20, 2017, when, while employed by 177 TS Group, Inc. (TS Group), he fell off a ladder while performing work at a construction site. Mayer was insured by plaintiff Hartford Fire Insurance Company, and TS Group, a subcontractor, obtained a policy from Hudson which provided additional insurance coverage under specified circumstances.
Chen commenced an action against Mayer, the owner of the premises, in October 2017, and Mayer subsequently commenced a third-party action against TS Group in March 2018. Although plaintiffs learned of TS Group's coverage in October 2017, they did not tender coverage to Hudson until May 2020. Hudson disclaimed coverage "at this time," because Mayer was not an additional insured and due to the late notice, which was a material breach of the policy.
Because plaintiffs gave notice more than two years after it was practical to do so, plaintiffs had the burden of showing that Hudson was not prejudiced by the delay (see Insurance Law § 3420 [c] [2] [A] [ii]). Plaintiffs' showing that Mayer defended the Chen action "vigorously" is insufficient to meet their burden. The delay prevented Hudson from examining the accident site near the time of the incident, locating and inspecting the ladder, and interviewing witnesses while their memories were still fresh (see 244 Madison Realty Corp. v Utica First Ins. Co., 233 AD3d 506, 507 [1st Dept 2024]). Furthermore, counsel representing Mayer did not locate, interview, or depose witnesses from TS Group, including its owner and foreman, and, since the note of issue had already been filed when plaintiffs provided notice, Hudson would not have the ability to access that evidence itself (see Massachusetts Bay Ins. Co. v Seneca Ins. Co., 2025 WL 622158, *19, 2025 US Dist LEXIS 34794, *56 [SD NY, Feb. 26, 2025, 21 Civ 9184 (CM)]; cf. Salvo v Greater N.Y. Mut. Ins. Co., 213 AD3d 587, 588 [1st Dept 2023] ["delay did not affect (defendant insurer's) access to relevant evidence since discovery was still open at the time defendant received notice of the claim"]).
Plaintiffs' contention that Hudson was not prejudiced by the late notice because it also asserted an alternative ground for disclaimer lacks merit and is speculative. Plaintiffs contend that if [*2]notice had been timely provided along with full information concerning the basis for Mayer's claim that it was entitled to additional insured coverage, Hudson still would have disclaimed on the ground that Mayer was not an additional insured. However, when Hudson issued the disclaimer within the statutory time provided (Insurance Law § 3420[d]), plaintiffs had not responded to its request for a full copy of the subcontract that was the basis for Mayer's claim. Hudson preserved its right to disclaim on the basis that Mayer was not entitled to additional insured coverage by stating that Hudson had not established it was entitled to coverage at that time and requesting any additional information on coverage. When, during discovery in this action, Hudson received the subcontract demonstrating that Mayer was an additional insured under the policy, it did not pursue that ground for disclaimer. Thus, there is no basis for concluding that "earlier notice would have resulted only in an earlier denial" (Peerless Ins. Co. v Technology Ins. Co., Inc., 829 Fed Appx 549, 552 [2d Cir 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025